JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ANGEL GRANT

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian M. Doyle- Law Offices of Eric A. Shore
1500 JFK Blvd Suite 1240
Philadelphia, PA 19102

## DEFENDANTS

KLS LOGISTICS

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [X] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e-2(a)
Brief description of cause:
Title VII- Race Discrimination

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
10/8/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| | : | |
| ANGEL GRANT      v.   KLS LOGISTICS | : | |
| | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.                                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court. (See reverse side of this form for a detailed explanation of special
  management cases.)                                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| __10/8/2021__ | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-944-6113 | 215-944-6124 | BrianD@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____37 North Ithan Street_____

Address of Defendant: _____11601 Roosevelt Blvd, Philadelphia PA 19154_____

Place of Accident, Incident or Transaction: _____11601 Roosevelt Blvd, Philadelphia PA 19154_____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____10/8/2021_____   _____[signature]_____   _____319475 (PA)_____
                                                *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.   *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Brian M. Doyle_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____10/8/2021_____   _____[signature]_____   _____319475 (PA)_____
                                                *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ANGEL GRANT | : | |
| 37 North Ithan Street | : | |
| Philadelphia, PA 19139 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| KLS LOGISTICS | : | |
| 11601 Roosevelt Blvd. | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| Defendant. | : | |

CIVIL ACTION COMPLAINT

And now Plaintiff, ANGEL GRANT, by and through her undersigned counsel, files this

Complaint alleging that her rights, pursuant to Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. § 2000d, *et seq*., the Americans with Disabilities Act ("ADA"), Section 1981 of

the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. § 1981, and the Pennsylvania Human

Relations Action ("PHRA"), 43 P.S. § 951, *et seq*. have been violated and avers as follows:

PARTIES

A. The Plaintiff

1.      Plaintiff, Angel Grant, ("Grant" or "Plaintiff") is an adult individual residing in

Philadelphia County at 37 North Ithan Street; Philadelphia, PA 19139.

B. The Defendant

2.      Defendant, KLS Logistics ("KLS" or "Defendant") is a business entity located in

Philadelphia County at 11601 Roosevelt Blvd., Philadelphia, PA 19154.

3.     At all times, Defendant employed more than 20 individuals and met the statutory definition of an "employer" as defined by Title VII, ADEA, ADA, and PHRA.

## JURISDICTION AND VENUE

4      This Complaint alleges discrimination on the basis of Grant's race, color, and sexual orientation, in violation of Title VII, on the basis of Grant's race, in violation of Section 1981, on the basis of Grant's actual and/or apparent disability, in violation of the ADA, and on the basis of Grant's age, in violation of the ADEA.

5.     This Complaint further alleges retaliation on the basis of Grant's good faith complaint of discrimination, in violation of Title VII and ADA.

6.     Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

8.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

9.     On or about July 7, 2021, Grant filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2021-04091 alleging discrimination and wrongful discharge from her employment due to the actions of Defendant.

10.     Grant has been advised of her individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated August 2, 2021 (attached hereto as Exhibit "A").

11.     Grant has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

OPERATIVE FACTS

12.     Defendant hired Grant on July 27, 2020 to work as a Transportation Supervisor at its facility located at 11601 Roosevelt Blvd., Philadelphia, PA 19154.

13.     Grant is also an openly gay African-American woman, who is disabled with arthritis, and who was born in 1972.

14.     Grant's arthritis substantially limits one or more of Grant's major life activities, as it impacts Grant's mobility and causes Grant significant pain. Accordingly, Grant walks with a noticeable and pronounced limp.

15.     Nevertheless, Grant is able to meet the performance expectations as Defendant's Transportation Supervisor.

16.     Upon being hired by Defendant, Grant's supervisor, Joshua Scott, failed to adequately train Grant.

17.     Whenever Grant requested assistance or training from Scott, Scott gave the appearance of being busy.

18.     Conversely, Scott routinely trained Grant's younger, Caucasian, and straight colleague, Braden Bettineschi.

19.     In January 2021, Defendant issued Grant a negative performance review that inaccurately reflected Grant's job performance.

3

20.     When Grant contested the performance review, she informed Defendant that she had not been adequately trained. However, Defendant continued to fail to provide Grant with training for her position.

21.     Shortly after receiving the poor performance evaluation, Grant noticed that Defendant's management began monitoring her bathroom breaks.

22.     Defendant did not subject Grant's younger, straight, non-disabled, Caucasian, colleagues.

23.     In or around February 2021, Grant approached Scott and asked Scott why her bathroom breaks were being monitored. Grant asked Scott words to the effect of, "it is because of my mobility issues, or is it because I'm gay, or is it because I'm black?"

24.     Scott told Grant that none of those characteristics were factors in Defendant's actions, but Scott promised Grant that he would investigate her complaint.

25.     Thereafter, Grant was directed to meet with Human Resources Manager Julie Marino. In response, Grant expressed concern that she was being targeted for retaliation.

26.     Approximately two-weeks later, on February 12, 2021, Defendant terminated Grant's employment.

27.     When Grant asked Marino why she was being terminated, Marino indicated that she did not have a termination letter prepared because she was unsure how Grant's termination would be classified under Defendant's policy.

28.     According to Grant's coworker, Marino latter referred to Grant as "one of those people" – which Grant believes refers to her sexual orientation, race, disability-status, or age.

29.     Marino also stated in the presence of Grant's coworker that Defendant would never have hired Grant if she had been interviewed in-person.

30.     Defendant's management also made frequent disparaging remarks about Grant's limited mobility and intentionally refused to assign Grant work that she was qualified to perform, notwithstanding her disability.

31.     Accordingly, Grant believes that the actual reason Defendant's termination of her employment is based on her race, sexual orientation, disability status, and/or age.

32.     Alternatively, Grant avers that Defendant terminated her employment in retaliation for making a good faith complaint regarding disability, race, and sexual orientation discrimination.

## COUNT I
## TITLE VII - RACE DISCRIMINATION
## 42 U.S.C.A. § 2000e-2(a)

33.     Grant incorporates the above paragraphs as if fully set forth at length herein.

34.     Grant's status as being African-American places her in the protected class of race.

35.     Grant's membership in a protected class was motivating factors in Defendant's decision to terminate her employment.

36.     Grant suffered disparate treatment by Defendant, as set forth above.

37.     As such, Defendant's decision to subject Grant to adverse employment action employment is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

38.     As a proximate result of Defendant's conduct, Grant sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Grant has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

39.     As a result of the conduct of Defendant's management, Grant demands punitive damages.

40.     Grant demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), *et seq.*

## COUNT II
## TITLE VII – SEXUAL ORIENTATION DISCRIMINATION
## 42 U.S.C.A. § 2000e-2(a)

41.     Grant incorporates the above paragraphs as if fully set forth at length herein.

42.     Grant's status as being a gay woman her in the protected class of gender and/or sexual orientation.

43.     Grant's membership in a protected class was a motivating factor in Defendant's decision to terminate her employment.

44.     Grant suffered disparate treatment by Defendant, as set forth above.

45.     As such, Defendant's decision to subject Grant to adverse employment actions is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

46.     As a proximate result of Defendant's conduct, Grant sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Grant has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

47.     As a result of the conduct of Defendant's management, Plaintiff demands punitive damages.

48.     Plaintiff demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), *et seq.*

## COUNT III
### TITLE VII - RETALIATION
### 42 U.S.C.A. § 2000e-2(a)

49.     Grant incorporates the preceding paragraphs as if set forth more fully at length herein.

50.     At set forth above, Grant made complaints about racial and gender discrimination and harassing conduct in workplace and as such, Grant was engaged in protected activity under Title VII of the Civil Rights Act.

51.     Defendant took adverse action against Grant by terminating her employment.

52.     As set forth above, Grant's participation in protected activity was the cause of Defendant's decision to terminate her employment.

53.     As such, Defendant's decision to terminate Grant's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

54.     As a proximate result of Defendant's conduct, Grant sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Grant has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

55.     As a result of the conduct of Defendant's management, Grant demands punitive damages.

56.     Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a),

*et seq.*, Grant demands attorneys' fees and court costs.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT
## DISPARATE TREATMENT

57.     Grant incorporates the above paragraphs as if they were set forth at length herein.

58.     Based on the foregoing, Grant alleges that Defendant violated the ADA by subjecting her to discrimination on the basis of her actual and/or perceived disabilities and/or records of impairment.

59.     Defendant's conduct caused Grant to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Grant has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

60.     Grant prays that Defendant be required to provide all appropriate remedies available under the ADA.

## COUNT V
## AMERICANS WITH DISABILITIES ACT
## RETALIATION

61.     Grant incorporates the above paragraphs as if they were set forth at length herein.

62.     Based on the foregoing, Grant alleges that Defendant violated the ADA by retaliating against her for making complaints of disability discrimination.

63.     Defendant's conduct caused Grant to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental

anguish, humiliation, pain and suffering, consequential damages and Grant has also sustained

work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a

claim is made therefore.

64.     Grant prays that Defendant be required to provide all appropriate remedies

available under the ADA.

## COUNT VI
## SECTION 1981 - DISCRIMINATION

65.     Grant incorporates the above paragraphs as if fully set forth at length

herein.

66.     Grant's status as an African-American places her in the protected class of race.

67.     Grant's membership in a protected class was a motivating factor in Defendant's

decision to subject Plaintiff to adverse employment actions.

68.     Grant suffered disparate treatment by Defendant, as set forth above.

69.     Defendant subjected Grant to intentional discrimination based on her race and

ethnic characteristics. Specifically, Defendant's intentional discrimination was based on the fact

that Grant is African-American.

70.     As a proximate result of Defendant's conduct, Grant sustained significant

damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, mental anguish, humiliation, pain and suffering, consequential damages and Grant

also sustained work loss, loss of opportunity, and a permanent diminution of earning power

and capacity and a claim is made therefore.

**WHEREFORE,** Plaintiff, Angel Grant, demands judgment in her favor and against

Defendant, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost

wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost

benefits, lost future earning capacity, injury to reputation, mental and emotional

distress, pain and suffering

B.  Attorneys' fees and costs of suit;

C.  Punitive damages;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: /s/ Brian M. Doyle (PA Id. 319475)
**BRIAN M. DOYLE, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Attorney for Plaintiff, Angel Grant

Date:_____

## <u>VERIFICATION</u>

I hereby verify that the statements contained in this complaint are true and correct to the best of

my knowledge, information and belief. I understand that false statements herein are made subject

to the penalties of 18 P.A.C.S **§** 4904, relating to unsworn falsification to authorities.


10/08/2021
_____
Date

Angel Grant

11

# EXHIBIT

# A

EEOC Form 161 (11/2020)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Angel Grant**
**37 North Ithan Street**
**Philadelphia, PA 19139**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2021-04091** | **Legal Unit,** <br> **Legal Technician** | **(267) 589-9707** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter* (signature)

**Dana R. Hutter,**
**Deputy Director**

08/02/2021

*(Date Issued)*

Enclosures(s)

cc:
**McKenzie McElroy**
**Legal Counsel - Global Business Services**
**DHL SUPPLY CHAIN**
**360 Westar Boulevard**
**Westerville, OH 43082**

**Brian Doyle**
**LAW OFFICES OF ERIC A. SHORE**
**1500 Jfk Blvd**
**Suite 1240**
**Philadelphia, PA 19102**